### THOMAS v. CITY OF DETROIT.

NEGLIGENCE—PLEADING—EVIDENCE—DIRECTED VERDICT.

> Where, in action for personal injuries alleged to have been caused by defendant's negligence, declaration did not set forth with reasonable certainty defendant's duty or breach thereof, and evidence failed to show how accident occurred, verdict was properly directed in favor of defendant.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 6, 1933. (Docket No. 39, Calendar No. 36,290.) Decided May 16, 1933.

Separate actions of case by Margaret and James B. Thomas against City of Detroit, a municipal corporation, for damages alleged to have been sustained because of defendant's negligence. Cases consolidated for trial. Directed verdicts and judgments for defendant. Plaintiffs appeal. Affirmed.

*Roxborough & Taliaferro,* for plaintiffs.

*William J. McBrearty* and *Raymond J. Kelly,* for defendant.

POTTER, J.   Margaret Thomas sued defendant to recover damages alleged to have resulted from injuries to her while a passenger upon one of defendant's street cars, claiming that while she was sitting on said street car as a passenger defendant so carelessly and recklessly operated a cement mixer which it was using on Mt. Elliott street on the easterly side of the car tracks that it caused the same to strike Mrs. Thomas, permanently injuring her. She alleges she was a passenger for hire on the 6th of September, 1927, on one of the street cars owned and operated by the city of Detroit, and while riding on said car with her arm on the sill of the window, the defendant, its agents, servants, and employees so carelessly, recklessly, and unreasonably operated the street car in which plaintiff was riding, and so carelessly operated the cement mixer on the east side of Mt. Elliott street, near the street car track, that it caused the mixer to strike the right arm of plaintiff while she was seated in the street car, severely injuring her arm.   Defendant pleaded the general issue; and, at the conclusion of the case, the trial court directed a verdict for defendant upon the ground the declaration was fatally defective in that it did not set forth with reasonable certainty defendant's duty or breach of duty; the breach of duty by defendant which caused the accident; that it did not say the street car was operated too fast, or improperly, or that there was insufficient room to pass the mixer, did not describe the mixer, show what part of it if any struck the plaintiff, whether it was the street car company that was negligent or

the department of public works; that the negligence was not defined; that there was no evidence to show how the accident occurred, and other reasons.

Subsequently a motion for a new trial was made, and this was denied, the court saying that on the trial he had permitted testimony to be introduced upon the theory that an amendment might be made to the declaration during the trial; that none was made; that there was no positive testimony what it was that injured plaintiff's arm; that plaintiff's testimony indicated she did not know what it was that injured her. It was not shown whether the mixer or any part of it was so close to the street car that it caused the injury; that the mixer itself was negligently operated, or swung too near the car, or that the operator of the street car was negligent, and if so, in what manner he was negligent. In short, that the declaration did not sufficiently and definitely describe the negligence in the operation of the street car or in the operation of the cement mixer to uphold a judgment, and that the testimony was more indefinite than the declaration itself. In other words, that there was no proper basis for a verdict in the declaration and no proper proof to support a verdict given on the trial. An examination of the record satisfies us that the court could come to no other conclusion. James B. Thomas, husband of Margaret Thomas, began a separate suit to recover damages for loss of her services from the same injuries, resulting from the same negligence, described in the same manner. The cases were consolidated and heard together, and similar verdicts directed, and judgments entered.

Judgments affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.